**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4487-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CARLOS ROJAS, a/k/a
CARLOS BENITEZ, and
CARLOS ROJAS-BENITEZ,

     Defendant-Appellant.

_____

Submitted November 16, 2020 – Decided December 4, 2020

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 12-09-1046.

Joseph E. Krakora, Public Defender, attorney for appellant (Elizabeth H. Smith, Designated Counsel, on the brief).

Robert J. Carroll, Acting Morris County Prosecutor, attorney for respondent (John McNamara, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an April 8, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.[1] Defendant maintains he was entitled to an evidentiary hearing as to his mother's allegations of dissatisfaction with his trial counsel. Judge Michael E. Hubner entered the order and rendered a comprehensive written opinion.

On appeal, defendant argues:

> POINT I
>
> THE TRIAL [JUDGE] ABUSED [HIS] DISCRETION IN DENYING [DEFENDANT'S] PETITION FOR [PCR] AS [DEFENDANT] MADE A SUFFICIENT PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

---

[1] A jury found defendant guilty of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a); first-degree kidnapping, N.J.S.A. 2C:13(1)(b)(1)-(2); second-degree desecrating human remains, N.J.S.A. 2C:22-1(a)(1); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A 2C:39-5(d); third-degree theft from a person, N.J.S.A. 2C:20-3(a); fourth-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a); and third-degree hindering one's own apprehension, N.J.S.A. 2C:29-3(b)(4). We affirmed the convictions and sentence. State v. Rojas, No. A-4358-14 (App. Div. Nov. 20, 2017).

A-4487-18T4

We are satisfied from our review of the record that defendant failed to establish a prima facie claim of ineffective assistance of counsel. We see no abuse of discretion and affirm substantially for the reasons set forth in Judge Hubner's written opinion. We add the following remarks.

I.

A hearing on a PCR petition is only required when a defendant establishes "a prima facie case in support of [PCR]," the judge determines that there are disputed issues of material fact "that cannot be resolved by reference to the existing record," and the judge finds that "an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 355 (2013). In contrast, a defendant is not entitled to an evidentiary hearing if the "allegations are too vague, conclusory, or speculative[.]" State v. Marshall, 148 N.J. 89, 158 (1997); see also Porter, 216 N.J. at 355. Rather, a defendant must allege specific facts and evidence supporting his allegations. State v. Cummings, 321 N.J. Super. 158, 170 (1999) (explaining that "in order to establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel").

When determining whether to grant an evidentiary hearing, the PCR [judge] must consider the facts in the light most favorable to the defendant to

A-4487-18T4

determine whether defendant has established a prima facie claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). We review a court's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Id. at 462. Applying these principles, and considering the insufficient evidentiary value of defendant's mother's certification, we see no abuse of discretion and conclude there is no basis for an evidentiary hearing.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must meet the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The first prong of Strickland/Fritz requires the defendant to show that his or her [counsel]'s performance was deficient. Strickland, 466 U.S. at 687. To do so, a defendant must establish that counsel's alleged acts or omissions "were outside the wide range of professionally competent assistance." Id. at 690. This requires a showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

The second prong of Strickland/Fritz requires the defendant to "show that the deficient performance prejudiced the defense." Ibid. The defendant must establish "a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58.

We agree that defendant failed to establish a prima facie claim. As to the first prong of Strickland/Fritz, defendant failed to show that private counsel was deficient. Although counsel's tactical options were limited given the overwhelming proofs confronting defendant, he nevertheless put forth a sound theory that defendant's co-conspirator committed the murder and, in response to the State's theory that the attacker was right-handed, argued that the left-handedness of defendant raised reasonable doubt. State v. Arthur, 184 N.J. 307, 318-19 (2005) (explaining that "[b]ecause of the inherent difficulties in evaluating a defense counsel's tactical decisions . . . during trial, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'") (quoting Strickland, 466 U.S. at 689). As to the second prong of Strickland/Fritz, defendant failed to demonstrate prejudice where counsel successfully convinced the jury to acquit defendant on

5

the most serious charges of murder and felony murder. We note that the PCR judge properly rejected defendant's bald assertions that counsel rendered ineffective assistance by coercing his trial testimony, not taking enough time to meet with him review surveillance video evidence, failing to obtain a blood stain expert, and being hard of hearing. See Cummings, 321 N.J. Super. at 170.

Defendant's mother submitted her certification containing expressions of dissatisfaction with counsel—which defendant mischaracterizes as claims of ineffective assistance—on the eve of the PCR hearing. At the hearing, the judge gave PCR counsel an opportunity to address the relevance of the certification, but counsel declined to do so. He subsequently accepted the certification as a confidential exhibit but did not address it in his written opinion. We see no error.

We reject defendant's contention that the certification alleged with specificity that counsel provided ineffective assistance. In her certification, defendant's mother vaguely expressed her dissatisfaction with the progress of the case as well as issues regarding compensation. She articulated the following issues related to her son's representation: counsel expressed that he "could have done more for [defendant];" counsel misrepresented his fee for defendant's appeal; counsel took a year to send a letter of representation to Morris County;

counsel failed to bring documents to court; counsel was hungover; counsel made very few visits to defendant because "he had meetings with the Prosecutor or he did not have time;" counsel was more dedicated to his other clients than to defendant; counsel cancelled appointments with her; counsel failed to deliver the notice of appeal on his own; and counsel "failed to present photos, videos and important witnesses to the case."

Defendant does not point to any fact alleged by his mother in her certification that is material to the objective determination that defendant presented a prima facie claim of ineffective assistance of counsel. Statements of dissatisfaction by defendant—or in this case defendant's relative—have no bearing on the constitutional analysis required for an ineffective assistance claim. See State v. Castagna, 187 N.J. 293, 314 (2006) (noting that an "otherwise valid conviction will not be overturned merely because the defendant is dissatisfied with his or her counsel's exercise of judgment during the trial"). We therefore reject defendant's argument that the certification warranted a hearing because the complaints of substandard performance of counsel were largely within the purview of defendant's mother, rather than defendant. Even if they were within defendant's purview—which is not the case—defendant cannot rely on a relative to substantiate his claim. See State v. Gaitan, 209 N.J.

7

339, 350 (2012) (explaining that defendant "bears the burden of proving his or her right to relief by a preponderance of the evidence").  Defendant's mother's dissatisfaction with counsel is insufficient to warrant an evidentiary hearing.

Even assuming defendant's mother's dissatisfaction was sufficient—which again is not the case—there is insufficient evidentiary value to the information contained in the certification.  See R. 3:22-10(b).  The certification provides no specific details pertinent to defendant's claim of being pressured into testifying or that would require a hearing be conducted to resolve a factual dispute regarding counsel's physical condition.[2]  To the extent defendant's mother makes allegations not known to the judge regarding counsel's failure to investigate suggested witnesses or present evidence at trial, those allegations are too vague and conclusory to warrant a hearing.  See Marshall, 148 N.J. at 158; see also Cummings, 321 N.J. Super. at 170.

To the extent we have not addressed them, any additional arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  Defendant does not address the claim raised below that trial counsel was ineffective for failing to call a blood stain expert.  Thus, this claim is waived. See Gormley v. Wood-El, 218 N.J. 72, 95 n.8 (2014).

A-4487-18T4